**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SHELBY RODEN LLC, | : | |
| Plaintiff, | : | |
| vs. | : | CA 22-00180-KD-MU |
| WILLIAM G. HORTON, et al., | : | |
| Defendants. | | |

**ORDER**

Before the undersigned can issue a Report and Recommendation in this case on Defendant State Farm Mutual Automobile Insurance Company's motion to dismiss all counts in the Complaint asserted against it (*see* Doc. 6), this Court must determine whether it has subject matter jurisdiction. The Plaintiff bases jurisdiction on diversity of citizenship. (*See* Doc. 1, PageID. 2). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029 (2010) (citations omitted); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue[,]" it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the

proceedings." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).[1]

The complaint does not adequately allege the citizenship of the Plaintiff or any of the Defendants. (*See* Doc. 1, PageID. 1-2). Indeed, the complaint makes no mention of the "citizenship" of Plaintiff or three of the named Defendants[2] and only briefly states that Defendant William G. Horton is "a resident citizen of Arkansas[.]" (*See id.*). The Plaintiff is a limited liability company and one of the named Defendants is a professional limited liability company. (*See id.,* PageID. 1). It is well-established in the Eleventh Circuit that "a limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University,* 663 F.3d 1304, 1305 (11th Cir. 2011), quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). "'To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company.'" *CityPlace Retail, LLC v. Wells Fargo Bank N.A., As Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Pass-Through Certificates, Series 2007-C1,* 2021 WL 3486168, *2 (11th Cir. July 15, 2021), quoting *Mallory & Evans Contractors & Engineers, LLC, supra,* 663

---

[1] In its complaint, Plaintiff alleges "[t]his Court has original jurisdiction pursuant to 28 U.S.C. § 1332**(d)** because complete diversity exists between Plaintiff and all Defendants[.]" (Doc. 1, PageID. 2) (emphasis supplied). Plaintiff's citation to subsection (d) was presumably a mistake because that subsection is devoted to class actions, *see* 28 U.S.C. § 1332(d), which this case certainly is not. Instead, it appears the Plaintiff meant to cite to subsection (a), *see* 28 U.S.C. § 1332(a). Plaintiff should correct this mistake in its amended complaint.

[2] It is decidedly inadequate to merely aver that the Defendant professional limited liability corporation and corporate entities are "foreign." (*See* Doc. 1, PageID. 1 & 2).

2

F.3d at 1305. Moreover, the citizenships of the corporate defendants are not alleged in accordance with 28 U.S.C. § 1332(c)(1). (*See* Doc. 1, PageID. 2). And, finally, Defendant William G. Horton is described generally as a "resident citizen" of Arkansas (*id.,* PageID. 1), but without any support for that proposition (*see id.*). Of course, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994).[3] An allegation of residence but not citizenship exposes a complaint to dismissal for want of subject matter jurisdiction. *Beavers v. A.O. Smith Electrical Products Co.,* 265 Fed. Appx. 772, 778 (11th Cir. Feb. 13, 2008).

For the reasons set forth above, the Plaintiff is **ORDERED** to file, on or before **September 8, 2022**, an amended complaint adequately alleging subject matter jurisdiction,[4] failing which it will be the undersigned's recommendation that this action be dismissed without prejudice, without further notice, for want of such jurisdiction.

**DONE** and **ORDERED** this the 25th day of August, 2022.

                                                    s/P. Bradley Murray
                                                    **UNITED STATES MAGISTRATE JUDGE**

---

[3] "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002) (defining "domicile").

[4] Plaintiff should also more fully describe why venue is properly laid in this Court. (*See* Doc. 1, PageID. 2). As it stands now, Plaintiff merely makes another general allegation that "a substantial portion of Defendants' actions and/or omissions leading to this cause of action occurred in this judicial district[,]" (*id.*), without any factual support for that averment. For instance, venue likely would be proper if the underlying accident occurred in Baldwin County, Alabama, and all of the paperwork generated by the insurance companies subsequent to the accident (including the settlement paperwork) came out of Baldwin County. However, it is unclear based on the present allegations of the complaint that venue is proper in this Court.