IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHELBY RODEN LLC, | : | |
| Plaintiff, | : | |
| vs. | : | CA 22-00180-KD-MU |
| WILLIAM G. HORTON, et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), on Plaintiff's Complaint (Doc. 1), Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion to dismiss Counts II-III of Plaintiff's Complaint (*see* Doc. 6),[1] Plaintiff's response in opposition (Doc. 9), State Farm's reply in support of motion to dismiss (Doc. 10), Plaintiff's Amended Complaint (Doc. 12), and State Farm's Motion to Dismiss First Amended Complaint (Doc. 13). Based on the contents of these pleadings and the relevant legal analysis, the Magistrate Judge **RECOMMENDS** that

---

[1] State Farm also moved to dismiss Count I of the Complaint to the extent Plaintiff meant to state a claim against it for tortious interference with contractual relations. (*See* Doc. 6, PageID. 24-25). However, the amended complaint, the relevant pleading in this case, makes explicit that Count I is asserted only against Defendants Horton and Horton Law Firm. (Doc. 12, PageID.60). Accordingly, this Court need only answer whether Plaintiff has stated claims in the Amended Complaint for negligence and wantonness against State Farm.

Counts II and III of Plaintiff's Amended Complaint against State Farm (Doc. 13) be **DISMISSED WITH PREJUDICE**.

## PROCEDURAL AND FACTUAL BACKGROUND

On January 30, 2021, Samuel Micah Skelton ("Skelton"), a non-party to this action, sustained serious injuries when his motorcycle was involved in a crash with a vehicle owned by another non-party to this action, Amy Lynn Monroe ("Monroe"). (*See* Doc. 12, PageID.58). Skelton hired Plaintiff Shelby Roden LLC ("Shelby Roden") on February 5, 2021 "to pursue a personal injury case on his behalf and to recover damages sustained as a result of the aforementioned motorcycle crash." (*Id.*). Skelton's agreement/contract with Plaintiff provided, in part, that he was to pay Shelby Roden "a contingency fee of 33 1/3% of the gross sums recovered if the matter was resolved prior to filing a lawsuit plus any advanced expenses incurred during the course of Plaintiff's representation of Skelton." (*Id.*).

Monroe and her vehicle were insured by State Farm, with bodily injury limits of $100,000.00, while Skelton's underinsured motorist coverage through GEICO had combined policy limits of $125,000.00. (*Id.*). State Farm offered its bodily injury policy limits of $100,000.00 to resolve/settle Skelton's case/claims against its insured Monroe on or about April 5, 2021, and GEICO offered its uninsured motorist policy limits of $125,000.00 to resolve/settle Skelton's claims/case against it on or about April 20, 2021. (*Id.*). On both of these dates when the policy limits were offered by State Farm and GEICO, Shelby Roden represented Skelton. (*Id.*).

Shelby Roden presented the offers from State Farm and GEICO to Skelton on or about April 21, 2021, and on or about April 23, 2021, Shelby Roden "wrote State Farm

and GEICO with draft instructions for the proposed settlement specifying that the drafts be made payable to Plaintiff and Skelton." (Doc. 12, PageID.58-59). Shelby Roden presented the settlement agreements to Skelton for his execution on or about April 28, 2021, and the following day (April 29, 2021), Skelton terminated Shelby Roden. (Doc. 12, PageID.59). On the same day that Skelton terminated Shelby Roden (April 29, 2021), Plaintiff wrote to GEICO, State Farm, and Jeff Roberts & Associates PLLC,[2] advising those entities that it was "claiming an attorney lien on the proceeds of Skelton's case under Alabama Code § 34-3-61 in the amount of $75,000, or 33 1/3% of the $225,000 global policy limits offered while Plaintiff represented Skelton." (Doc. 12, PageID.59).

Some eight and one-half months later, on or about January 17, 2022, Defendants GEICO and State Farm sent drafts for $125,000.00 and $100,000.00, respectively, to Defendants Horton and Horton Law Firm for resolution/settlement of Skelton's claims against the insurance companies. Shelby Roden was not contacted by any of the Defendants regarding the settlement of Skelton's claims. (*Id.*).

On May 3, 2022, Plaintiff Shelby Roden filed the instant action in this Court against William G. Horton, Horton Law Firm PLLC, State Farm Mutual Automobile Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company. (*See* Doc. 1, PageID.1). Because Plaintiff's initial complaint did not adequately allege subject matter jurisdiction (*see id,* PageID.1-2), the undersigned entered an Order on

---

[2] Jeff Roberts & Associates PLLC, a non-party to this lawsuit, began representing Skelton, in conjunction with Defendants Horton and Horton Law Firm, sometime on or about April 29, 2021. (*See id.,* PageID.59). Jeff Roberts & Associates PLLC terminated its relationship with Skelton on or about October 29, 2021. (*Id.*).

3

August 25, 2022, instructing Plaintiff to file an amended complaint adequately alleging subject matter jurisdiction (Doc. 11). Plaintiff complied with the Court's Order and filed its Amended Complaint on September 8, 2022. (Doc. 12). Because the Court's Order and Plaintiff's Amended Complaint arose following State Farm's motion to dismiss (Doc. 6) and the briefing of the parties (*see* Docs. 9 & 10), State Farm filed a motion to dismiss amended complaint on September 21, 2022 (Doc. 13). Since the Amended Complaint made no substantive changes to Plaintiff's initial complaint (*compare* Doc. 12 *with* Doc. 1), the undersigned did not take State Farm's motion to dismiss amended complaint under submission but, instead, simply notified the parties that the Court would consider the written submissions previously filed by the parties (Docs. 6, 9 & 10) in determining whether State Farm's motion to dismiss first amended complaint (Doc. 13) should be granted or denied (*see* Doc. 14).[3]

The Amended Complaint asserts claims of tortious interference with contractual relations (Count I), negligence (Count II), and wantonness (Count III); Shelby Roden asserts all three claims against Defendants Horton and Horton Law Firm, but against State Farm and the GEICO defendants, Plaintiff asserts only negligence and wantonness. (Doc. 12, PageID.60-62). In the negligence and wantonness counts, Plaintiff alleges the following:

> 28.  Plaintiff is within the class of persons that were sought to be protected by the enactment of Alabama Code § 34-3-61, and the nonpayment of attorney fees is the exact type of injury contemplated by Alabama Code § 34-3-61.
>
> 29.  Defendants did negligently violate Alabama Code § 34-3-61, which states *no person shall be at liberty to satisfy an action or judgment*

---

[3] In this Report and Recommendation, all citations are made to the Amended Complaint.

*until the lien or claim of the attorney for his or her fees is fully satisfied*, by resolving the above-mentioned cases and/or claims without fully satisfying Plaintiff's attorney lien and/or claim for attorney fees.

30.     As a direct and proximate cause of Defendants' negligent violations of Alabama Code § 34-3-61, Plaintiff was caused to suffer damages.

. . .

32.     Plaintiff is within the class of persons that were sought to be protected by the enactment of Alabama Code § 34-3-61, and the nonpayment of attorney fees is the exact type of injury contemplated by Alabama Code § 34-3-61.

33.     Defendants did wantonly, willfully and/or recklessly violate Alabama Code § 34-3-61, which states *no person shall be at liberty to satisfy an action or judgment until the lien or claim of the attorney for his or her fees is fully satisfied*, by resolving the above-mentioned cases and/or claims without fully satisfying Plaintiff's attorney lien and/or claim for attorney fees with knowledge of and conscious disregard of the likely injury to Plaintiff.

34.     As a direct and proximate cause of Defendants' wanton violations of Alabama Code § 34-3-61, Plaintiff was caused to suffer damages.

(Doc. 12, PageID.60-61&61).

## CONCLUSIONS OF LAW

**A.     Pleading Standard.** The sufficiency of a Plaintiff's claims to proceed beyond the pleading stage, and into discovery, is governed by the plausibility standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and further detailed in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly,* the United States Supreme Court expressly abrogated the *Conley v. Gibson,* 355 U.S. 41 (1957) "no set of facts" pleading standard, holding that test "has earned its retirement" and "is best forgotten." *Twombly*, 550 U.S. at 563, 127 S.Ct. at 1969; *Simpson v. Sanderson*

*Farms, Inc.,* 744 F.3d 702, 714 (11th Cir. 2014) ("[T]he Supreme Court categorically retired [the no set of facts test] in *Twombly*.").

Post *Twombly,* "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. The Court made clear that to satisfy the requirements of Fed.R.Civ.P. 8(a) "something beyond the mere possibility [of an entitlement to relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people[.]" *Id.* at 557-58, 127 S.Ct. at 1966 (internal quotation marks omitted; citations omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012) (citations omitted), *cert. denied,* 568 U.S. 1088, 133 S.Ct. 856, 184 L.Ed.2d 656 (2013).

The Court directed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly,* 550 U.S. at 558, 127 S.Ct. at 1966 (internal quotations marks and ellipses omitted; citations omitted). "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process[.]" *Id.* at 559, 127 S.Ct. at 1967. "[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases…[;]it is only by taking care to require allegations that reach

the level [of showing a plausible entitlement to relief] that we can hope to avoid the potentially enormous expense of discovery[.]" *Id.*

The Eleventh Circuit has likewise emphasized the importance of only allowing plausible claims to proceed beyond the pleading stage: "Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) together establish a notice-pleading standard that is applied, in a context-specific manner, with the recognition that the imposition of litigation costs must be justified at the threshold by the presence of factual allegations making relief under the governing law plausible, not merely speculative." *ABB Turbo Systems AG v. Turbousa, Inc.* 774 F.3d 979, 984 (11th Cir. 2014); *see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 & 1367-68 (11th Cir. 1997) (recognizing that "[d]iscovery imposes several costs on the litigant from whom discovery is sought[]" and "discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes."); Fed.R.Civ.P. 1 (recognizing that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In *Iqbal,* the Supreme Court gave additional definition to the Rule 8(a) analysis framed in *Twombly*. The Court explained that under *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (internal citations omitted). "While legal conclusions can provide the framework

of a complaint, they must be supported by factual allegations." *Id*. at 679, 129 S.Ct. at 1950. Courts do not "'accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* at 678, 129 S.Ct. at 1950 (citation omitted); *see also id.* at 678, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[.]").

The *Iqbal* Court made clear that "[t]he pleading standard Rule 8 announces…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. at 1949 (internal citations omitted). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. at 1950 (brackets and citation omitted). Therefore, dismissal of a factually insufficient complaint is required because "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79, 129 S.Ct. at 1950.

In *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), the Eleventh Circuit Court of Appeals distilled the *Twombly/Iqbal* pleading standard into a functional "two-prong approach" for the evaluation of the sufficiency of a plaintiff's pled allegations: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"

8

*Id.* at 1290 (citation omitted). The Eleventh Circuit also explained: "Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (citation omitted).

Dismissal is required when the factual averments in a complaint affirmatively foreclose the existence of a plausible entitlement to relief. *See, e.g., Villarreal v. R.J. Reynolds Tobacco Co.,* 839 F.3d 958, 971 (11th Cir. 2016) ("A plaintiff nonetheless can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling."), *cert. denied,* ___ U.S. ___, 137 S.Ct. 2292, 198 L.Ed.2d 724 (2017); *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."). "[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992) (internal citations omitted).

  **1.**   **<u>Analysis of Plaintiff's Negligence and Wantonness Claims</u>.**   In Counts II and III of the Amended Complaint, Plaintiff alleges that it falls within that class of persons protected by enactment of Ala.Code § 34-3-61 and that State Farm (and the other Defendants) negligently and wantonly violated § 34-3-61 by resolving Skelton's claims without fully satisfying its attorney lien and/or claim for attorney's fees. (*See* Doc. 12, PageID.60-61&61).

"In <u>Lemley v. Wilson</u>, 178 So.3d 834[, 841-42] (Ala. 2015), this Court set out the elements a plaintiff must prove to establish negligence and wantonness: """To establish

negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. Albert v. Hsu, 602 So.2d 895, 897 (Ala. 1992). To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains. Smith v. Davis, 599 So.2d 586 (Ala. 1992)."'" *Hilyer v. Fortier,* 227 So.3d 13, 22 (Ala. 2017).

Turning first to Plaintiff's negligence claim, it is established law in Alabama that "'in order to prove a claim of negligence a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff.'" *Ex parte Wild Wild West Social Club, Inc.,* 806 So.2d 1235, 1239-40 (Ala. 2001), quoting *Lowe's Home Centers, Inc. v. Laxson,* 655 So.2d 943, 945-46 (Ala. 1994). The existence of a duty normally is a legal question for the Court. *See, e.g., Black Warrior Elec. Membership Corp. v. McCarter,* 115 So.3d 158, 162 (Ala. 2012) ("Ordinarily, the existence of a duty is a question of law[.]").

> The existence of a duty is determined by a number of factors, including (1) the nature of the defendant's activity; (2) the relationship between the parties; and (3) the type of injury or harm threatened. The *key* factor is whether the injury was foreseeable by the defendant.

*Pritchett v. ICN Medical Alliance, Inc.,* 938 So.2d 933, 937 (Ala. 2006) (internal citations and quotation marks omitted), quoting *Taylor v. Smith,* 892 So.2d 887, 891-92 (Ala. 2004).

Here, Plaintiff claims that State Farm owed it a duty under Alabama Code § 34-3-61(b),[4] which provides, in relevant measure, as follows: "Upon actions and judgments for money, they [attorneys] shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy the action or judgment, until the lien or claim of the attorney for his or her fees is fully satisfied[.]" Ala.Code § 34-3-61(b). In other words, Plaintiff claims that State Farm owed it a duty under § 34-3-61(b) to refrain from settling Skelton's claim against it until Shelby Roden's claim for attorney's fees was fully satisfied. The undersigned disagrees with Plaintiff that State Farm owed it a duty under § 34-3-61(b).

"The purpose of § 34-3-61 is 'to protect the attorney from loss of his investment in time, effort, and learning, and the loss of funds used in serving the interest of the client.'" *Phoenix III Ass'n, Inc. v. Certain Underwriters at Lloyd's, London,* 2022 WL 479124, *1 (S.D. Ala. Feb. 16, 2022), quoting *Triplett v. Elliott,* 590 So.2d 908, 910 (Ala. 1991). Moreover, "[t]he protection afforded by the statute is not limited to attorneys ***of record*** at the time of settlement or when judgment is rendered." *Rose v. Penn & Seaborn, LLC,* 295 So.3d 94, 99 (Ala. Civ. App. 2019) (internal quotation marks omitted; citation omitted); *see also Triplett v. Elliott,* 590 So.2d 908, 910 (Ala. 1991) ("The protection afforded by the statute is not limited to attorneys of record at the time of settlement or when judgment is rendered [following the filing of an action/lawsuit]."). What this language from *Triplett* and *Rose* makes clear, along with a long line of

---

[4] The undersigned agrees with State Farm that "[a]part from the alleged duty owed by State Farm under the attorney lien statute, the complaint does not allege the existence [of] any agreement or other special relationship between State Farm and plaintiff Roden that would have created a duty on the part of State Farm to protect Roden's claim to a fee out of the settlement." (Doc. 6, PageID. 26 n.2).

11

decisional law in Alabama, is that a lien or claim for attorney's fees under the attorney-lien statute comes into existence only where there are actions (that is, lawsuits) and judgments (obviously entered after the filing of the action/suit) for money. *See, e.g., Twin Pines Coal Co., Inc. v. Twin Pines, LLC,* 2013 WL 622369, *4 (N.D. Ala. Feb. 19, 2013) ("Under the Alabama attorney's lien statute, a claim for a charging lien allows a very narrow remedy. . . . [T]he general rule is clear: an attorney must have been the attorney of record for the client whose funds he or she wishes to put a lien on at some point during the litigation."); *Locke v. Barranco,* 267 Ala. 370, 372, 102 So.2d 2, 4 (Ala. 1958) ("Even though the statute gives a lien upon a suit for money the enforcement of the lien presupposes the following through of said suit to a final judgment or decree. . . . In the instant case there is no 'suit' upon which a lien can attach. Rather than prosecuting the contest to conclusion in order to perfect the attorney's lien, if any there might have been, as was done in the cases, supra, the suit was dismissed. There is, therefore, no 'suit' upon which a lien could attach."); *King v. Acuff,* 218 Ala. 619, 619 & 620, 119 So. 833, 833 & 834 (Ala. 1929) ("[T]he lien [in favor of attorneys] cannot be extended beyond the fair intendment of the statute, the effect of which, in agreement with the principles of the common law, is to place the attorney in the position of an equitable assignee of the judgment obtained by him for his client. . . . The services rendered by appellee in this cause were in truth defensive; they resulted in no judgment or decree for the recovery of property, and hence, in our opinion, neither created nor occasioned any lien under the statute of this state."); *Hale v. Tyson,* 202 Ala. 107, 109, 79 So. 499, 501 (Ala. 1918) ("[T]he statutory lien of the attorney is not broader than its terms. Its provisions in substance are: . . . (2) [That the attorney at law shall have] a lien

upon suits, judgments, and decrees for money, with the same right and power that the client had or may have over such suits, judgments, and decrees to enforce such lien, for the amount due him for professional services rendered in that behalf . . . ."); *Denson v. Alabama Fuel & Iron Co.,* 198 Ala. 383, 395, 73 So. 525, 530 & 531 (Ala. 1916) ("The filing of the complaint at law, or the bill in chancery, in the court having jurisdiction of the cause and in a county of the venue, is the commencement of the suit on which the statute fixes a lien. . . . [W]e hold that by section 3011 of the Code the suit is begun and the lien existent when the complaint or declaration or bill is filed in the court having jurisdiction of the subject-matter in controversy and in the county of the venue of the action. . . . Looking to the Alabama statute for the extent of such a lien, it will be observed: . . . (2) a lien upon suits, etc., for the 'lien or claim of the attorney for his fees' . . . .'"); *Williams v. Bradley,* 187 Ala. 158, 161, 65 So. 534, 535 (Ala. 1914) ("It has been long established with us that an attorney has a lien upon a judgment or decree, obtained by him for his client, to the extent of the compensation the client has agreed to pay him, or, if no specific compensation is agreed upon between him and his client, then for reasonable compensation for the services rendered."); *Higley v. White,* 102 Ala. 604, 609, 15 So. 141, 143 (Ala. 1894) ("The lien is limited to services rendered in the particular action or proceeding in which the judgment or decree was rendered[.]"); *Harris v. Capell & Howard, P.C.,* 280 So.3d 419, 425-26 (Ala. Civ. App. 2019) (finding that where a will contest—that is, a complaint contesting the validity of a will—produced, through settlement, a monetary judgment entered in favor of siblings, an attorney's lien attached to the $170,000 awarded to the siblings); *CSX Transp., Inc. v. Wettermark,* 644 So.2d 969, 970 (Ala. Civ. App. 1994) ("'An attorney's lien exists and is enforceable

only against moneys or personal property acquired by services rendered in the particular action or proceeding by which the money or property is produced . . . .' . . . Also, when an attorney has a lien on an action, it cannot be enforced unless the action is prosecuted to judgment."). In other words, an action or judgment are necessary prerequisites to an attorney lien under subsection (b) of Alabama's attorney lien statute.

The plain language of § 34-3-61(b) supports this conclusion. In determining the meaning of a statute, the Alabama Supreme Court has explained that it "looks to the plain meaning of the words as written by the legislature." *Ex parte Lambert Law Firm, LLC,* 156 So.3d 939, 941 (Ala. 2014) (internal quotation marks omitted; citations omitted; emphasis supplied).

> The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute. Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says.

*Id.* (internal quotation marks omitted; citations omitted). Again, the lien statute provides that "[u]pon **actions and judgments for money**, they [attorneys] shall have a lien superior to all liens but tax liens, and no person shall be at liberty **to satisfy the action or judgment**, until the lien or claim of the attorney for his or her fees is fully satisfied[.]" Ala.Code § 34-3-61(b) (emphasis supplied). "Action" means "[a] civil . . . judicial proceeding[,]" BLACK'S LAW DICTIONARY, 32 (9th ed, 2004), and judgment means "[a] court's final determination of the rights and obligations of the parties in a case." *Id.* at 918. Based on the clear language of the lien statute, therefore, this Court can find no duty due and owing Plaintiff from State Farm in this case because there never existed

an action or judgment for money, as Skelton's claim against State Farm was settled prior to the filing any action for money or a judgment being entered by a court of competent jurisdiction. In other words, State Farm owed no duty to Plaintiff to ensure that Plaintiff's lien or claim for attorney's fees was satisfied before settling with Skelton and his new attorney because there existed no action filed in a civil court of competent jurisdiction and obviously no judgment entered by a court of competent jurisdiction. Stated somewhat differently still, Plaintiff simply has not established that it falls within those "persons" protected under § 34-3-61(b) because Roden did not file an action on Skelton's behalf in a civil court of competent jurisdiction seeking money nor was a judgment entered by a court of competent jurisdiction[5]; therefore, there was no "action" or "judgment" to which a lien or claim for attorney's fees could attach,[6] and for which

---

[5] Plaintiff's purported "notice" to State Farm on April 29, 2021, claiming an attorney lien on the proceeds of Skelton's case under Alabama Code § 34-3-61 in the amount of $75,000, was a nullity because Shelby Roden had filed no action/suit on Skelton's behalf in a court of competent jurisdiction to which a lien could attach. Plaintiff simply possessed no lien (or claim for attorney's fees) under § 34-3-61(b) in absence of the filing of an action/suit that could be pursued to judgment (entered by a court of competent jurisdiction), whether following trial or a settlement, and to which a lien or claim for attorney's fees could attach. And nowhere in the complaint does Roden allege that it brought an "action" on Skelton's behalf and certainly Plaintiff does not allege the purported action was reduced to a judgment in favor of Skelton.

[6] The undersigned **RECOMMENDS** that the Court **REJECT** any suggestion by Plaintiff that because § 34-3-61(b) speaks to claims for attorney's fees, its mere claim to attorney's fees created a duty owed by State Farm (as a settling party) to ensure its (Plaintiff's) claim for attorney's fees was paid prior to settling with Skelton and his new attorney, even though no action had been filed and no judgment obtained (see Doc. 9, PageID. 39-41), because such "construction" of the statute would "read out" of the attorney lien statute the requirements/prerequisites of an action or judgment (See Doc. 10, PageID. 47 ("[T]he 'or claim' clause upon which Roden relies also is modified by and limited to 'the action or judgment' the attorney filed or obtained for a client. The 'or claim' clause is not unhinged from the requirement of an action or judgment; these two words do not mean an attorney has a right for his fee interest to be protected before filing an action or obtaining a judgment, as it is specifically limited by the second use of 'action or judgment' in subsection (b).")). The undersigned "stands by" his earlier determination that Alabama law is clear that an action or judgment is required to create a protectable right under the attorney's lien statute. Moreover, but importantly, Plaintiff cites to no authority in support of its position that a mere "claim" for attorney's fees outside of an action or (Continued)

State Farm owed Plaintiff a duty of care to ensure that its claim for attorney fees was satisfied. Of course, in absence of a duty owed to Plaintiff by State Farm, Plaintiff's negligence cause of action against State Farm necessarily fails and must be **dismissed with prejudice.** *See Ex parte Wild Wild West Social Club, Inc., supra,* 806 So.2d at 1240 ("'[W]here there is no duty, there can be no negligence.'").

As for Plaintiff's wantonness count, the undersigned agrees with State Farm that this claim too must be dismissed with prejudice. After all, there is a higher culpability standard with respect to this count, *see Hilyer, supra,* 227 So.3d at 22 ("To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty.") (internal quotation marks omitted), and because State Farm owed Plaintiff no duty, it obviously omitted no known duty.[7] Moreover, given that the factual content of Plaintiff's wantonness count is identical to that of its negligence count and there is simply nothing to suggest that State Farm committed a wrongful act and certainly omitted no known duty, Plaintiff's wantonness claim is not plausible on its face and should be **dismissed with prejudice.**

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that Defendant State Farm's motion to dismiss Counts II & III of Plaintiffs' Amended Complaint asserted against it

---

judgment creates a duty on the part of a settling party to protect the attorney's alleged fee interest. Therefore, Plaintiff's arguments fail.

[7]   Plaintiff concedes that both its negligence and wantonness claims "require the defendant to be subject to a legal duty to the plaintiff." (Doc. 9, PageID. 37-38, citing *Graveman v. Wind Drift Owners' Ass'n, Inc.,* 607 So.2d 199, 203 (Ala. 1992)).

(Doc. 13; *see also* Docs. 6 & 10) be **GRANTED;** that Plaintiff's negligence and wantonness claims asserted against this Defendant be **DISMISSED WITH PREJUDICE**; and that State Farm be terminated from this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 26th day of October, 2022.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**